## Smith *v.* State Workmen's Insurance Fund, Appellant.

*Workmen's Compensation Law—Master and servant—Existence of relation—Contractor and contractee—Independent contractor—Written contract—Construction.*

1. Where a person lets out work to another, the contractee reserving no control over the work or workmen, the relation of contractor and contractee exists, and not that of master and servant.

2. One who contracts to transfer all freight between narrow gauge cars and standard gauge cars, at stipulated prices, the manner of doing which, including the employment, payment and control of the necessary labor, is left entirely to him, is an independent contractor and not an employee, and, therefore, his widow is not entitled to receive compensation under the Workmen's Compensation Act of June 2, 1915, P. L. 736, for injuries sustained by him in the course of his employment resulting in his death.

3. There is no distinction in meaning in the Workmen's Compensation Act between the terms "employer" and "master," and "employee" and "servant"; by the express terms of Sections 103 and 104, the term "employer" as used in the act is synonymous with "master," and the term "employee" is synonymous with "servant."

Argued Feb. 19, 1918. Appeal, No. 41, Jan. T., 1918, by defendant, from judgment of C. P. Lycoming Co., Sept. T., 1917, No. 16, reversing decision of Workmen's Compensation Board, in case of Jennie V. Smith v.

State Workmen's Insurance Fund. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Reversed.

Appeal from Workmen's Compensation Board dismissing appeal from report of referee. Before WHITEHEAD, P. J.

The opinion of the Supreme Court states the facts.

The court reversed the action of the Workmen's Compensation Board. Defendant appealed.

*Error assigned* was the judgment of the court.

*Samuel I. Spyker,* with him *Francis H. Bohlen,* for appellant.

*Otto G. Kaupp,* for appellee.

OPINION BY MR. JUSTICE STEWART, October 7, 1918:

The complainant is the widow of John V. Smith, who died at Masten, in this State, the place of his residence, on the 30th of September, 1916, as the result of an accident occurring in the course of his employment a few days prior. At the time of the accident the husband was engaged in transferring freight, including raw hides, in car load lots, from standard gauge cars belonging to the Susquehanna & New York Railroad, over whose lines such freight had been transported, to narrow gauge cars for transshipment over a narrow gauge logging road operated by Charles W. Sones, to a station on said road known as Hillsgrove. The accident he sustained, resulting in his death, was the introduction into his system through a superficial external excoriation on his person of anthrox germs latent in the hides handled. The answer filed to the complaint denied that anthrax is an injury as defined in the Workmen's Compensation Act of 1915,—a question which, as we view the case, calls for no discussion here, and we therefore omit any discussion of it,—and further, alleged that the deceased husband was not the employee of the party complained against, C. W. Sones, the party owning and operating the narrow

gauge road at the time the infection was contracted, the allegation in support of this proposition being that the husband was an independent contractor for the transfer of freight between the broad and narrow gauge roads at the time of the occurrence. The complaint and answer were referred. In the testimony taken before the referee it was developed that the employment of the complainant's husband in the transferring of freight at Masten was the subject of a written contract between himself and C. W. Sones, and that this contract was governing at the time the injury was received. In a written communication signed by Sones addressed to John V. Smith, the husband, under date of 1st of June, 1913, this appears:

"This will confirm our understanding relative to transferring. Our understanding and agreement is that you are to transfer all inbound and outgoing freight in car lots at Masten, with the exception of lumber, from narrow gauge to standard gauge and from standard gauge to narrow gauge cars, all freight received there, at the following prices, namely:

"Bituminous coal at five cents per ton; leather, hides and oats at twenty-five cents per ton; hair in bales and bark in bags, at fifteen cents per ton; boxes and bales at eight cents per ton; empty carboys and empty barrels, one cent each. Lime and Fleshings, 25c.

"Our understanding is that this transferring is to be done in a good and workmanlike manner; leather cars to be loaded in accordance with instructions from the Elk Tanning Company.

"You are to load or unload each standard gauge car within the time limit in order that no demurrage charges may accrue; you are to be responsible for any breakage that may occur while transferring.

"Settlement to be made in cash, on or about the 15th of each month for the amount transferred during the preceding calendar month.

"This contract to be in full force and effect unless revoked by either party by thirty days' notice in writing.

"Your acceptance of this will be sufficient contract between us.                    "(Signed) C. W. SONES."

Appended to this communication is the following acceptance addressed to said Sones:

"The above is in accordance with understanding we have had in regard to transferring at Masten. I hereby accept the terms and conditions as set forth.

"(Signed) JOHN V. SMITH."

The finding of the referee was:

"That under and by virtue of the above contract the deceased at various times employed divers persons or laborers who assisted him in the work he had contracted to do in and about the said transfer, hiring and discharging such employees and paying them such wage as might be agreed upon between him and them; that the work of transferring was solely under the charge and care of the said deceased, who was responsible to the defendant for all breakage that might occur in the transferring, and for the demurrage that might arise by reason of any delay in loading or unloading from the standard cars; and that he was paid therefor at the rates and in the manner set forth in the above-mentioned contract; his time, manner of working, the number and control of the men being matters entirely within the control of the said John V. Smith."

His legal conclusion was:

"That claimant has not brought herself within the purview of Section 307 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, and her claim must therefore be disallowed and her claim petition dismissed."

From this disallowance of the claim by the referee an appeal was taken to the Compensation Board where, after a hearing, the findings and conclusions of the referee were sustained and the appeal dismissed. An appeal followed to the Court of Common Pleas of Lycoming County, two errors being therein assigned, both of law, one directed to the ruling of the referee, sustained by the board, adjudging the deceased husband to have

been an independent contractor when his injury for which compensation is provided for by the Workmen's Compensation Act. Both assignments were sustained. The decision of the board was reversed and the compensation claimed was accordingly awarded. From the judgment so entered we have this appeal by the State Workmen's Insurance Fund. The questions raised are the same as were before the court below and there elaborately argued. For the reason heretofore stated, we shall confine the discussion to the single question raised by the first assignment, namely, whether the relation of employer and employee, or, in other words, master and servant, existed between these parties when the injury, the subject of the complaint, was sustained. Except as such relation existed, the case admittedly does not fall within the protection of the statute. Inasmuch as we are of one mind that the relation existing between the parties was not that of employer and employee, but that of contractor and contractee, the other question, as to whether the injury complained of is such as the statute contemplates and falls within its provisions, becomes purely academic and an affirmative conclusion with respect to it would be without result. We therefore dismiss it from consideration.

The remaining question admits of but little discussion. The nature and character of employment of John V. Smith, the claimant's husband, are fixed by the terms of the contract that we have above recited between him and the manager, C. W. Sones. This contract is entirely intelligible, covering the whole case to the minutest detail, omitting nothing that is at all pertinent or that would be helpful to its understanding or application. The chief characteristics of the husband's employment are succinctly asserted in the referee's finding above given. These, together with one other which follows by necessary implication, namely, that by this contract the employer reserved to himself no right in connection with the work to be done, excepting the right to question the sufficiency

of the result accomplished, measured by the requirements of the contract, state the whole case. Where this latter feature is of the substance of the contract it has been uniformly held, and nowhere more strictly and explicitly than in our own State, that the one employed is an independent contractor. The general rule is thus stated—where a person lets out work to another, the contractee reserving no control over the work or workmen, the relation of contractor and contractee exists, and not that of master and servant. Wood on Master and Servant, 2d Ed., 593; 26 Cyc. 1084, or, as stated by Shearman & Redfield on Neg., Sec. 74, "If one renders service in the course of an occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished, it is an independent employment." It is only necessary to cite in further support from among our own cases: Harrison v. Collins, 86 Pa. 153; Smith v. Simmons, 103 Pa. 32, and McColligan v. Penna. R. R. Co., 214 Pa. 229.

We need not stop to consider any supposed distinction between the terms employer and employee, and master and servant. The Act of June 2, 1915, P. L. 736, under which the present claim is preferred leaves us without occasion to do this, since by express terms the act in Sec. 103, declares the term employer as used in the act to be synonymous with master, and in Sec. 104, the term employee is to be regarded as synonymous with servant. At the time of the passage of the act, the words master and servant had a fixed and determined meaning, while the relation of master and servant, and the duties, obligations and responsibilities arising thereunder were clearly defined and established. It was in full view of this fact that, without attempting any distinction between the term employee and the term servant, the act declares that for purposes within its provisions the two terms shall be regarded as synonymous. It results from what we have said that the case admits of no other conclusion than that the husband of the claimant was an independ-

ent contractor when he sustained the injury from which he died. The case therefore does not fall within the provisions of the Compensation Act of 1915. The judgment is accordingly reversed.