# Kelley *v.* Delaware, Lackawanna & Western Railroad Co., Appellant.

*Workmen's compensation—Master and servant — Independent contractor—Reserving control over means—Mines and mining—"Rock contractor"—Act of June 1, 1915, P. L. 712—Mine foreman—Appeal—Review of contract.*

1. The construction of a written contract of employment is a matter of law, and reviewable by the Supreme Court.

2. Where, in a contract of employment, control is not reserved over the means, the relationship is that of independent contractor, and, conversely, where such control is reserved, the relationship is that of servant or employee.

3. Where a contract, made subsequent to the Act of June 1, 1915, P. L. 712, between the operator of an anthracite coal mine and a so-called "rock contractor," provides that the contractor and all of his employees shall be subject to the orders and directions of the mine foreman, as to the means and manner of performance,

including the right to remove workmen, the relation between the operator and the "rock contractor," is that of master and servant, and the latter is an employee within the meaning of the Workmen's Compensation Act.

Argued April 11, 1921.  Appeal, No. 59, Jan. T., 1921, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1918, No. 399, reversing decision of the Workmen's Compensation Board which, on a de novo hearing, set aside award of referee in favor of claimant, in case of Isabelle Kelley v. Delaware, Lackawanna & Western Railroad Co.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.  Affirmed.

Appeal from decision of Workmen's Compensation Board.  Before STRAUSS, J.

The opinion of the Supreme Court states the facts.

The court entered judgment reversing the decision of the Workmen's Compensation Board which reversed award of referee in favor of claimant.  Defendant appealed.

*Error assigned,* among others, was judgment, quoting it.

*J. H. Oliver,* with him *B. R. Jones, D. R. Reese* and *E. D. Adair,* for appellant.—The law has provided that an official, known as a mine foreman, shall be placed in charge of mines and that his duty is to see that the laws are obeyed.  What the contract does is provide that the mine foreman shall have just the supervision and authority which the law says he does have, to wit: to see that the law for the enforcement of which the foreman is responsible, is lived up to by the contractor and his employees.  The clause in the contract neither adds to nor subtracts from his supervision and authority, it is a mere reiteration of a legal duty cast upon him, and the fact that the Act of 1915 makes the mine foreman re-

sponsible to the operator rather than to the State does not change matters at all, because as a matter of fact it is his duty to see that the mine laws are lived up to by everyone in the colliery.

*Roger J. Dever*, for appellee.—If the employer retains any control over the means or methods by which the work is to be accomplished, the relation of master and servant exists and not that of independent contractor: McColligan v. R. R., 214 Pa. 229; Painter v. Pittsburgh, 46 Pa. 213; Harrison v. Collins, 86 Pa. 153; Reynolds v. Braithwaite, 131 Pa. 416; McCarl v. Boro., 263 Pa. 1.

OPINION BY MR. JUSTICE SCHAFFER, May 2, 1921:

Michael Kelley, plaintiff's husband, and another, were what are known, in the parlance of anthracite mining, as "rock contractors," their occupation being, to make openings in the mines through measures, or strata, other than the coal. They were engaged to do work of this character, by defendant, under a written contract, and while proceeding with it, Kelley was accidentally killed. His widow entered a claim for compensation, which was awarded her by the referee, whose finding was set aside on a de novo hearing by the compensation board, but reinstated by the court below; from the judgment of the latter, defendant brought this appeal.

The question for determination is whether deceased was an employee of defendant or an independent contractor; if the first, compensation is due, if the second, it is not. To decide, it is necessary to construe the written contract of employment; its construction is a matter of law (McColligan v. Penna. R. R. Co., 214 Pa. 229), and therefore, reviewable here (Kuca v. Lehigh Valley Coal Co., 268 Pa. 163).

The legal principle, which solves the inquiry as to whether a contract creates the relation of employer and employee between the parties to it or makes the performer of it an independent contractor, has been recently laid

down in Smith v. State Workmen's Insurance Fund, 262 Pa. 286, where we said: "By this contract the employer reserved to himself no right in connection with the work to be done, excepting the right to question the sufficiency of the result accomplished, measured by the requirements of the contract......Where this latter feature is of the substance of the contract it has been uniformly held, and nowhere more strictly and explicitly than in our own State, that the one employed is an independent contractor. The general rule is thus stated—where a person lets out work to another, the contractee reserving no control over the work or workmen, the relation of contractor and contractee exists and not that of master and servant......If one renders service in the course of an occupation, representing the will of his employer only as to the *result* of his work, and not as to the *means* by which it is accomplished, it is an independent employment."

Speaking on the question here involved in McColligan v. Penna. R. R. Co., 214 Pa. 229, we held: "A master is one who stands to another in such relation that he not only controls the result of the work of the other but also may direct *the manner* in which the work shall be done. ......The relation of master and servant exists where the employer has the right to select the employee, the power to remove and discharge him, and to direct both what work shall be done, and the way and manner in which it shall be done."

In his opinion in the present case, Judge FULLER, the able President Judge of the court below, thus correctly and tersely states the principle: "Where control is not reserved over the means, the relationship is that of independent contractor, and conversely where such control is reserved, the relationship is that of servant or employee."

With this principle in mind, an examination of the contract discloses the following as among its relevant provisions: The contractors were to furnish all labor, ma-

terials, tools and equipment and everything else required
to complete the work and defendants were to pay certain
prices per yard of excavation; the work was to be "car-
ried on under the supervision and according to the direc-
tion of the manager or his duly authorized agent, and to
his satisfaction as to the *manner* of doing said work and
as to the limit and extent thereof; ......if the contrac-
tor shall at any time......in the opinion of the manager
......fail to prosecute [the work] with diligence and
promptness or to abide by and perform......any proper
directions of the manager relating to the work, the com-
pany may immediately terminate this contract and the
employment of the contractor hereunder"; and "the
railroad company shall have the right to suspend or ter-
minate the work without previous notice to the con-
tractor"; also "the contractor shall remove from the
work any foreman or *workman* who shall, in the opinion
of the manager, be incompetent, careless, or for any
other reason unsatisfactory to the railroad company."
It further stipulates that, in the event of any dispute
between the contractor and the company, as to the mean-
ing or interpretation of the contract, or with reference
to the work, or any part thereof, the same shall be re-
ferred to the manager, whose decision shall be conclu-
sive, and then contains this provision, "Except as herein
specifically provided, all matters pertaining to the work
herein provided *shall be under the sole supervision and
control* of the mine foreman having charge of said col-
liery, where said work is performed, *and the contractor
and all his employees shall be subject to the orders and
directions of said mine foreman pertaining to all mat-
ters under the control of said mine foreman as provided
by existing laws.*"

The contract is dated July 7, 1917. The relation of a
mine foreman to the mine operator as fixed by the Act of
June 2, 1891, P. L. 176, and as defined in Durkin v.
Kingston Coal Co., 171 Pa. 193, was greatly changed
by the amendment to that act, approved June 1, 1915,

P. L. 712. The Act of 1891 provided that it should not be lawful for any person to act as mine foreman unless registered as a holder of a certificate of qualification or service under the act, but the amendment adds this provision "unless, in the judgment of the employer, he is a person possessed of qualifications which make him equally competent to act in such position." The amending act further provides that the owner "shall have supervision, direction and control of the mine foreman," and that the mine foreman shall be the agent of the operator. Recurring to the contract, we ascertain that it provides, the mine foreman shall have control of the work, and the contractor and all his employees shall be subject to his orders and directions. It will thus be seen, that the contract specifically provides for the control of the means of performance by the mine foreman, that the manner of doing the work shall be to the satisfaction of the manager, that the defendant shall have the right to suspend or terminate the work without notice to the contractor, with the right to remove from the work any workmen, who in the opinion of its manager are incompetent, careless or for any other reason unsatisfactory, and that the interpretation of the contract with reference to the work shall be by the manager, whose decision shall be conclusive. It is therefore manifest that, through the manager and mine foreman, full control over the means and manner of performance was reserved to defendant, and there was left in the contractor no independence whatever in manner and means of performance. This leads to the inevitable conclusion that the relation of the deceased to the defendant was that of employee, and not independent contractor; in so holding and awarding compensation to his widow, the court below was right.

The judgment is affirmed.