# Swartz *v.* Hanover Borough, Appellant.

*Workmen's compensation—Independent contractor—Master and servant—Working on street—Supervision by borough engineer—Guaranteeing performance—Boroughs—Partnership.*

1. Where a contract is let for work to be done by another in which the contractee reserves no control over the means of its accomplishment, but merely as to the result, the employment is an independent one establishing the relation of contractee and contractor, and not that of master and servant.

2. In such case, a provision in the contract for the purpose of guaranteeing ultimate performance, does not fix control over the means and manner of execution.

3. Where a partnership has a contract with a borough for brickwork, and a partner is killed by an automobile while at work alone under the contract on a street, no compensation can be recovered for his death, where it appears that the contractors had complete control over the means and manner of performance, and the control which the borough had, by supervision of the borough engineer, was only for the purpose of guaranteeing performance.

Argued May 14, 1923. Appeal, No. 106, Jan. T., 1923, by defendant, from judgment of C. P. York Co., Oct. T., 1921, No. 16, affirming decision of Workmen's Compensation Board, in case of Emily H. Swartz v. Hanover Borough. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Appeal from decision of Workmen's Compensation Board, which reversed finding of referee refusing award of compensation. Before ROSS, P. J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*John L. Rouse,* with him *T. F. Chrostwaite,* for appellant.—The deceased was an independent contractor:

Smith v. Ins. Fund, 262 Pa. 286; Thomas v. Ry., 191 Pa. 361.

*G. W. Bange,* of *Ehrehart & Bange,* for appellee.— Kelly v. R. R., 270 Pa. 426; McCall v. Telephone Co., 79 Pa. Superior Ct. 505, control the case at bar.

OPINION BY MR. JUSTICE SCHAFFER, June 23, 1923:

Paul H. Swartz,—for whose death compensation was allowed against the Borough of Hanover,—while making repairs to one of its streets, was fatally injured by a passing automobile. Recovery was denied by the referee; his decision was reversed by the board and an award made, affirmed by the common pleas; from its conclusion, we have this appeal.

Payment is resisted by the municipality on the ground, among others, that the deceased was an independent contractor and not its employee; as the determination of that question in its favor is controlling, no other will be considered.

Plaintiff's husband was a member of the firm of Leppo & Swartz, contracting bricklayers and stone masons. The partnership entered into a verbal agreement with defendant borough to do such bricklaying as it would require from time to time, payment to be made therefor at the rate of 67½ cents per hour for the actual time of those engaged. The firm worked for other persons on the same basis. At the time he was injured, decedent was working alone in repairing the brick roadway of one of the borough streets, having been summoned to do so by the assistant borough engineer, in pursuance of the arrangement. After he was injured, the job was continued by one of his men. The bill for the work was subsequently made out in the firm name and the order on the borough treasurer in payment drawn to it; this was the customary method of payment for all work the partnership performed, and, in no instance, were its members individually paid. The partnership employed a

number of men and paid them 60 cents per hour, the difference between that sum and the amount it received being the profit earned. The firm carried workmen's insurance on all of its employees, and had increased the hourly charge, which it made to the borough, from 65 cents per hour to 67½ cents per hour, to cover the cost of this insurance.

It is the contention of plaintiff's counsel that, although her husband was a member of the copartnership, to which his earnings went and by which they were distributed, owing to the fact that, at the time he was injured, he was working individually and alone, and because the borough engineer testified he had authority to stop the work and discharge deceased from continuing it, this made him an employee of the borough and not an independent contractor. A reading of the evidence of the engineer shows, what he meant by having authority to stop the work at any time and to discharge the partners from doing it, was, that he could do so, if the results being accomplished were not to his satisfaction; he could stop them and discharge them from the work as he could any other contractor operating under his supervision for the borough; his testimony in no way indicates that he had control over the means or the manner of performance of the work or of their method of carrying it on; in fact, he expressly disclaimed any such authority. In answer to the question, "Did the borough have any control over the manner in which the work should be done?" he answered, "No, sir." He further said he never instructed them as to the particular method by which their work should be done; what the borough looked after and expected was that "they [Leppo & Swartz] finished the job, and results, that is what we were looking for;" the particular work on which the deceased was engaged "was let out to Leppo & Swartz to do the work;" neither he, nor his assistant or anyone else for the borough, had any supervision or control over the decedent on the day he was hurt, or control

over the manner in which the job was to be done or the particular man or men who were to do it.

Neither of the members of the firm nor any of their employees was on the borough payroll. The assistant borough engineer, who had the work in charge, testified he would not have the right to discharge the decedent if he had not done the work the way it was intended to be done but only to suspend the operation. Leppo, the surviving partner, said the men furnished by the firm worked under the firm's direction and that the particular men to be furnished for any job were their selection, not the borough's. The engineer stated, "If the results were obtained, we didn't care how they did the work or when they went on the job. We wanted it finished right, so I didn't care whether they used a hammer, hatchet or trowel. It didn't matter to me the method they used, results is what I wanted." Plaintiff testified her husband's earnings were represented by what he withdrew from the firm and that he did not have any other source of income.

We have had occasion quite recently to review the legal status under the Workmen's Compensation Act of those who are employees or independent contractors. This case is ruled by the principle that where a contract is let for work to be done by another in which the contractee reserves no control over the means of its accomplishment, but merely as to the result, the employment is an independent one establishing the relation of contractee and contractor and not that of master and servant, and a provision in the contract for the purpose of guaranteeing ultimate performance in accordance with the agreement, does not fix control over the means and manner of execution: Simonton v. Morton, 275 Pa. 562.

It is apparent that the control which the borough exercised over the work in the pending case, was only for the purpose of guaranteeing performance, not over the means and manner of execution. As was said in the

Simonton case: "There necessarily must be a certain control by the contractee of all undertakings...... otherwise he could not safeguard himself as to the satisfactory accomplishment of the work." There is no difficulty in distinguishing from the case at bar, Kelly v. Delaware, Lackawanna & Western R. R. Co., 270 Pa. 426, relied upon by the court below and appellee; there the contract specifically provided for the control of the means of performance by the mine foreman, that the manner of doing the work should be to the satisfaction of the manager, that the contractee had the right to remove from the work any workman who in the opinion of the manager was incompetent, careless or for any other reason unsatisfactory, and the interpretation of the contract with reference to the work was to be by the manager, whose decision it was stipulated should be conclusive. As was pointed out in the opinion, full control over the means and manner of performance was reserved to the defendant, and there was left in the contractor no independence whatever in the manner and means of doing the work. In the case before us, complete control over the means and manner of performance was reserved to the contractee firm; it was therefore independent—just as independent as if it had been engaged on a contract to do the bricklaying in a building, either for a lump sum, for so much per thousand bricks laid, or for so much per hour for the time given by its members and the men they employed.

We think it would not be urged if one of Leppo & Swartz's men had been injured that he should be treated as an employee of the borough, or if the firm had been a corporation that the individuals composing it should be considered employees of the borough. As the arrangement was made between the borough and the partnership, just as strong reason exists for holding one of its members not an employee of the municipality as for so determining, if it were a corporation, or if the injury were to one of the firm's employees.

From what has been said, it follows that the referee was correct in his conclusion that the plaintiff was not entitled to compensation and that the workmen's compensation board and the court below erred in awarding it.

The judgment is reversed and is here entered for defendant.