Lenhart *v.* Emmons & Co. et al., Appellants.

Argued May 2, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Clark Miller,* and with him *Charles F. Patterson* of *Patterson, Sherrard & Miller* and *'Charles D. Copeland, Jr.,* for appellants cited: McCarthy v. Dunlevy-Franklin Co., 277 Pa. 467; Smith v. State Workmen's Insurance Fund, 262 Pa. 286.

*S. W. Bierer,* for appellee, cited: Chase v. Emery Mfg. Co., 271 Pa. 265; Haddock v. Edgewater Steel Co., 263 Pa. 120.

Opinion by Keller, J., July 10, 1930:

The only question involved in this case is whether Henry H. Lenhart, the claimant's husband, was an employee of the defendant, Emmons & Co., or an independent contractor, at the time of his death by accident, while engaged at work. The Workmen's Compensation Board found that he was an employee and the lower court affirmed the finding. A consideration of the evidence leads us to the same conclusion.

Emmons & Co. are nurserymen. Lenhart was employed by them for many years as a salesman on a

commission basis. He had a good deal of a free hand in making sales and collections, but the evidence shows that he was subject to their instructions in handling nursery stock, selling the same and making collections. That they did not often interfere with his handling of their business is not the test; they had the right to do so if they saw fit. In Campagna v. Ziskind, 287 Pa. 403, it was said: "To constitute an independent contractor, it must appear that a contract has been made for the doing of some work by another, the latter having the exclusive control of the manner of conducting and performing it ...... If, however, the means of carrying out the duties are subject to the directions of the employer, a different conclusion is to be reached" p. 407. "Where control is not reserved over the means, the relationship is that of independent contractor, and conversely where such control is reserved, the relationship is that of servant or employee": Kelley v. D. L. & W. R. Co., 270 Pa. 426, 429. In the present case the employer gave Lenhart full instructions as to his conduct of his work. His contract provided "I will do this work for you according to your instructions," and further on, he agreed "to comply fully and carefully with all instructions given and to follow same explicitly."

He was thus obliged to follow the will of his employer, not merely as to the result of the work in hand, but as to the means and manner by which it was to be accomplished, which is the test of an employee as laid down in Gailey v. State Workmen's Ins. Fund, 286 Pa. 311.

In McCarthy v. Dunlevy-Franklin Co., 277 Pa. 467, it was held that where a traveling salesman, employed to sell goods on commission and to make collections, and subject in a general way to the direction of his employer, was injured in an automobile accident while traveling from one store at which he had sold goods of his employer to another store, where he intended

to sell goods, he was an employee injured in the course of his employment.

And in Cardiota v. Cunningham Piano Co., 87 Pa. Superior Ct. 458, we held that where a man was employed by the defendant as a piano tuner, repairman and salesman, with headquarters at Philadelphia, but under directions to use an automobile and go wherever he had a prospect of making a sale, and he was killed while on his way to a place where his duties required him to go if he believed he might effect a sale there, he was an employee within the provisions of the act.

While not conclusive of the matter, the board was justified in giving consideration to the fact that Emmons & Co. included Lenhart as an employee in taking out compensation insurance and paid the premium on his compensation to the insurance carrier: Gailey v. State Workmen's Ins. Fund, supra, p. 316.

The assignment of error is overruled and the judgment is affirmed.