Dunlap, Appellant, *v.* Paradise Camp.

Argued March 3, 1931.

Before TREXLER, P. J., KELLER, LINN, GAW-THROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*F. J. Mervine,* for appellant, cited: McCall v. Bell Telephone Co., 79 Pa. Superior Ct. 505; Persing v. Citizens Traction Co., 294 Pa. 230.

*C. C. Shull,* and with him *G. W. Nitrauer,* for appellees, cited: Blake v. Wilson, 268 Pa. 469; Callihan v. Montgomery, 272 Pa. 56.

Opinion by Trexler, P. J., April 15, 1931:

The defendants operated a summer camp for boys. The enterprise was one conducted for profit. During the summer of 1927, the claimant was employed by the defendants as a laborer, cutting brush, clearing land, digging cesspools and ditches about the camp. During the winter months there was nothing done. In the spring of 1928, defendants again employed plaintiff to deepen and enlarge a drainage ditch which he had made the previous summer. While pursuing this work, he was struck in the eye by a piece of stone which injured the member and resulted in its removal.

He presented a petition to the Workmen's Compensation Board and in the regular course of procedure, after hearing, the referee made an award in his favor. The compensation board approved and the lower court reversed. The lower court based its conclusion upon the proposition that the employee was an independent contractor and the work was casual and not in the regular course of defendants' business.

The test to determine whether the injured person

was an independent contractor or employee is whether the employer reserved the right to direct the result to be obtained and left the means of attaining the result to the employee in which case the latter is a contractor, or whether the employer has a right to direct the means by which the result is to be obtained: Kelley v. D. L. & W. R. R. Co., 270 Pa. 426.

The claimant had no authority to hire persons to assist him; was not paid a lump sum, but was paid by the hour; apparently had no contract, except the right to receive a stipulated sum for each hour's work and could, so far as the testimony shows, be discharged at any time. The man who had charge of the work directed the manner in which it was to be done. Among other services performed by the claimant the previous year, he had dug a trench or ditch to drain a mud hole, and had not made it deep enough. He was instructed to make it deeper and wider, to get over a knoll, to lay some long stone along the side and put some flat stones over it. "He was thus obliged to follow the will of his employer, not only as to the result of the work in hand, but as to the means and manner by which it was to be accomplished, which is the test of an employee as laid down in Gailey v. State Workmen's Ins. Fund, 286 Pa. 311." Lenhart v. Emmons & Co., 99 Pa. Superior Ct. 180. We should not be solicitous to put a claimant in the position of an independent contractor when a reasonable view of the evidence warrants a finding that the injured person was an employee: Gailey v. State Workmen's Ins. Fund, supra.

The relation of master and servant being present, it remains to be considered whether the employment was casual in character and not in the regular course of the business of the employer. Sec. 10 of Article I, Act of June 4, 1915, P. L. 736.

Even if the employment be casual, if it be in the regular course of the business of the employer, it is

within the act: Blake v. Wilson, 268 Pa. 469; Sgattone v. Mulholland, 290 Pa. 341.

During the summer months the defendants were in the business of furnishing recreation and healthful surroundings to a group of boys. We do not regard the employment of the claimant as casual, but even if we assume it was, the defendants are liable if the work done was a part of the normal operations which constituted it. In Sgattone v. Mulholland, supra, a realty firm, engaged in improving land for building purposes, and as part of their business selling lots and providing access to buildings erected, were liable where they employed a man to remove obstacles so that the property could be made available. So here, getting the camp ready for occupancy each year was carrying out the regular program. The enlarging of the ditch was a part of the business as much as cutting the weeds, trimming bushes and the other details involved in the preparation. The preparation of the ground for the camp under the evidence submitted was a regular part of the enterprise conducted by the defendants, at least, it appears that in the preceeding year, the claimant was employed to do this very thing.

The judgment of the common pleas is reversed, and the record remitted to the lower court with direction to enter judgment on the award of the board.