### YOUNG et al. v. WILKY CARRIER CORPORATION.

No. 3074.

District Court, E. D. Pennsylvania.

April 22, 1944.

Langdon W. Harris, Jr., of Philadelphia, Pa., for plaintiffs.

John J. McDevitt, Jr., of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This matter came to trial before me without a jury by agreement of the parties.

On August 2, 1941, Emil O. Young, together with his wife Pauline, and two minor children, Doris and Raymond, were occupants of an automobile (operated by Emil), which was travelling south on Route 611 near Portland, Northampton County, Pennsylvania, when it was struck by a tractor which was proceeding in a northerly direction on the same road.

■ The evidence clearly established that the accident was due to negligence of the operator of the tractor. However, in order for the plaintiffs to recover from the defendant they must discharge the burden of proof resting upon them to establish either by direct evidence or by reasonable inference that at the time of the

accident the tractor was being used on the defendant's business.

As to the question of liability:

The evidence disclosed that on the side of the door of the tractor appeared the name "Wilky Carrier Corp." and that above on the panel of the door appeared the name "Earl L. Welty". The testimony also established that Welty was the owner of the vehicle and that at the time of the accident it was under lease by Welty to the defendant.

The plaintiffs contend that the appearance of the defendant's name on the tractor raises the presumption that it was the owner of the tractor and that the tractor was on its business at the time of the happening of the accident.

The defendant's position is that no such presumption can exist in this case because (1) the names of both Welty and the defendant appeared on the tractor, and (2) that the evidence in fact established that Welty was the owner of the tractor.

■ Counsel have not cited, nor have I found a Pennsylvania case where two names appeared on the vehicle as in this case. However, I am of the opinion, after considering the rationale of the Pennsylvania presumption of ownership and agency where a single name appears on a commercial vehicle, that in this case there is a presumption of ownership and agency as to both the defendant and Welty. The rationale of the Pennsylvania rule was succinctly stated in Readshaw v. Montgomery, 1933, 313 Pa. 206 at page 208, 169 A. 135, at page 136. Said the Court: "The rationale of this rule is that such facts give rise to an inference that the vehicle was being used for the purposes of the defendant. Business vehicles are generally used in the business of the owner, and when it is shown that the vehicle was a business vehicle and that it bore the tradename of the defendant, it is a fair inference that the vehicle was owned by the defendant, that the driver was his servant, and that it was being used for the purposes of defendant's business. Where, upon a consideration of plaintiff's whole case and anything in defendant's case which might help to create such an inference, no such inference can arise, the doctrine of the cases cited has no application. * * *"

In the instant case the plaintiff suffered a voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, as to Welty, who had originally been joined as co-defendant with Wilky Carrier Corp. Judge Kirkpatrick allowed the voluntary dismissal over the objection of the defendant. That leaves for my determination the effect of the presumption of agency and ownership as to the defendant by reason of the fact that its name appeared on the vehicle.

■ As to defendant's contention that it has proved Welty was the owner of the vehicle, under the Pennsylvania decisions the presumption is sufficient to take the case to the jury even though the defendant produces uncontradicted evidence that it did not own the vehicle in question (Hartig v. American Ice Co., 1927, 290 Pa. 21, 137 A. 867), or that the driver was not its employee (Holzheimer v. Lit Bros., 1918, 262 Pa. 150, 105 A. 73). It was so held by the Supreme Court of Pennsylvania in Sefton v. Valley Dairy Co., 1942, 345 Pa. 324 at page 326, 28 A.2d 313, at page 314. Said the court: "It is well settled * * * that the presence of a defendant's name on a commercial vehicle raises a rebuttable presumption that the vehicle is owned by defendant and that the driver of the vehicle is a servant of defendant acting within the scope of his employment. * * * This presumption is sufficient to take the case to the jury even though a defendant produces uncontradicted evidence that the driver was not its employee * * * or produces evidence that it did not own the vehicle in question * * *."

The effect of the presumption was stated in the leading case of Gojkovic v. Wageley, 1924, 278 Pa. 488 at page 490, 123 A. 466. Said the court: "* * * whether such presumption has been overcome by oral testimony is for the jury * * * a rebuttable presumption of liability has the same probative force as if established by direct evidence, and it is for the jury to pass upon the creditability of witnesses offered to repel such presumption."

At the trial defendant introduced in evidence photostatic copies of the registration with the Bureau of Motor Vehicles of the State of New York in the name of Earl L. Welty of the tractor and trailer here involved. The defendant also called as a witness S. G. Holzer, secretary-treasurer of the defendant corporation. This witness testified that the tractor and trailer were leased by the defendant from Welty; that the driver Gramlich came with the

equipment; that Welty was paid on the basis of per loaded mile for the use of the vehicle; that Wilky Carrier Corp. paid the wages of the driver at a specified rate per loaded mile, withholding a certain percentage against damage; that the vehicle, at the time of the accident, was travelling empty and was returning to Buffalo after having delivered automobiles to consignees in New York; that a search was made for a contract between Welty and Wilky, but none could be found; that he believed there was such a contract in existence; that gasoline was bought for the tractor by Welty, and repairs were taken care of by Welty; that "it was not a question of taking one driver of one truck and putting him on another truck"; that Wilky had nothing to do with when or how Gramlich and the truck returned after making delivery in New York; that there was a dispatcher at the platform of the Buffalo office of Wilky; that the dispatcher was Welty; and that the dispatcher was the man who sent the driver out and told him where to go.

In recognition of the fact that the all-important factor in the determination of liability is the question of "control" over the driver of the tractor, the defendant vigorously contends that Gramlich was not its driver nor was the vehicle being used on its business at the.time of the accident.

■■ The rule of agency pertinent in this case is well-settled in Pennsylvania, and is in accordance with the Restatement of Agency, § 220. Healey v. Carey, Baxter & Kennedy, Inc., 1941, 144 Pa.Super. 500, 19 A.2d 852; McGrath v. E. G. Budd Mfg. Co., 1944, 348 Pa. 619, 36 A.2d 303. The same view was taken in Funk v. Hawthorne, 3 Cir., 1943, 138 F.2d 686. The language in the Healey case clearly states the law (144 Pa.Super. at pages 503, 504, 19 A.2d at page 854): " 'The relation of master and servant exists where the employer has the right to select the employé, the power to remove and discharge him, and the right to direct both, what work shall be done, and the way and manner in which it shall be done': Mc-Colligan v. Pennsylvania R. Co., 214 Pa. 229, 63 A. 792, 793, 6 L.R.A.,N.S., 544, 112 Am.St.Rep. 739. On the other hand, where a contract is let for work to be done by another in which the contractee reserves no control over the means of its accomplishment, but merely as to the result, the employment is an independent one

establishing the relation of contractee and contractor and not that of master and servant. Smith v. State Workmen's Ins. Fund, 262 Pa. 286, 105 A. 90, 19 A.L.R. 1156; Colleoni v. Delaware & Hudson Co., 274 Pa. 319, 118 A. 248; Simonton v. Morton, 275 Pa. 562, 119 A. 732. *The distinguishing criterion is the right to control the means of accomplishing the result.* 'Where control is not reserved over the means, the relationship is that of independent contractor, and conversely where such control is reserved, the relationship is that of servant or employee': Lenhart v. Emmons & Co., 99 Pa.Super. 180; Beals v. State Workmen's Ins. Fd. et al., 131 Pa.Super. 418, 200 A. 178; Gailey v. S. Workmen's Ins. Fund et al., 286 Pa. 311, 133 A. 498." (emphasis supplied)

While the law is clear, the difficulty is in the application of it; the result depends completely on the facts of each case, and having the test before me, it is unnecessary to discuss all the cases pointing out wherein each is similar and each different. It is necessary to point out, too, that I am sitting as judge and jury.

■ The evidence as to the agency issue in this case is scanty. Although Welty was in Philadelphia at the time, he was not called as a witness. Moreover, no contract between Welty and the Wilky Carrier Corp. was produced. The defendant relies heavily on the testimony of his one witness on this point, Mr. Holzer, who as secretary-treasurer of the defendant corporation was very much interested in the case. I am of the opinion defendant corporation has failed to meet the burden of the presumption. The contention that the vehicle was not being used in performance of defendant's business because it was unloaded, whereas payment was based on the *loaded mile,* is tenuous: the rate must have been calculated with an eye to the unloaded return trip, and the *loaded mile* was merely a convenient method of measure.

The fact that the driver was paid by the defendant, while not conclusive, is another factor counting against it. It must be noted, too, that defendant itself was a carrier, and the evidence does not show that Welty was used as an independent contractor to do carrying for it, but on the contrary, suggests that the equipment was leased by Wilky to do its own carrying. Finally, the evidence is slight, if existent at all, on the matter of control

over the driver, a vital issue. Holzer testified that it was not a matter of changing a driver from one truck to another, but he did not put this on the ground that Wilky *could not* shift drivers, but on the ground that such a change was inadvisable because each driver knew his own truck. The defendant has failed to show that Wilky could not or did not exercise control of the "manner and means" by which the driver was to perform his duties.

Accordingly, on the slim evidence presented by the defendant, it cannot be said it has met the burden of the presumption "that the driver was his servant" as stated in Readshaw v. Montgomery, supra.

In consonance with the above, I therefore make the following

### Findings of Fact

1. That Howard J. Gramlich was the driver of the commercial vehicle, a tractor and trailer, which was involved in the accident on August 2, 1941, on Route 611 near Portland, Northampton County, Pennsylvania, which resulted in injuries to the plaintiffs.

2. That the names "Wilky Carrier Corp." and "Earl L. Welty" appeared on the vehicle operated by Gramlich.

3. That the Wilky Carrier Corp. was lessee of the vehicle operated by Gramlich.

4. That the said Howard J. Gramlich was the employee of and on the business of the defendant Wilky Carrier Corp. at the time of the accident.

5. That said Howard J. Gramlich was guilty of negligence which directly resulted in injuries to the plaintiffs.

6. That the plaintiffs were free and clear of contributory negligence.

7. That the plaintiff, Emil O. Young, sustained injuries to his left shoulder, left chest, left knee and head. He suffered concussion of the brain and a fracture of the left scapula, which extended to the joint of the left shoulder, with fracture of the left clavicle and a fracture of the first, second and third ribs. He suffered fracture of the upper end of the left tibia which extended into the knee joint. His knee injury resulted in a definite limitation of motion of the left knee resulting in a permanent limp. He was hospitalized for a month.

8. That Raymond Young, minor son of the plaintiff, Emil O. Young, sustained a fracture of the lower third of the left humerus; also abrasions of the face and lacerations of the right upper lip requiring sutures. He was hospitalized for 16 days. The injury to his left arm has resulted in a deformity with an outward bowing of the arm and loss of carrying angle. The injury is permanent.

9. Doris Young, minor daughter of the plaintiff, Emil O. Young, suffered contusion of the forehead with a formation of hematoma and she suffered headaches for some 4 or 5 months. She was hospitalized for 12 days.

10. That Pauline Young, wife of the plaintiff, Emil O. Young, suffered a slight cerebral concussion, bruises and contusions of the body. She was hospitalized for 12 days.

11. That plaintiff, Emil O. Young, had out-of-pocket expenses for medical treatment and hospitalization of approximately $1550.00 and loss of earnings of $883.00.

I state the following

### Conclusions of Law

1. That the defendant, Wilky Carrier Corp., through its servant or employee was guilty of negligence that was the proximate cause of the accident, resulting in injuries to the plaintiffs.

2. That the plaintiffs were free of contributory negligence.

3. That under the pleadings and all of the evidence the findings of the court should be for the plaintiffs.

4. I find in favor of the plaintiff, Emil O. Young in his own right, and against the defendant, Wilky Carrier Corp. in the sum of $10,000.

5. I find in favor of the plaintiff, Emil O. Young as guardian for Raymond Young, in the sum of $1,750.

6. I find in favor of the plaintiff, Emil O. Young, as guardian for Doris Young, in the sum of $750.

7. I find in favor of the plaintiff, Pauline Young, in the sum of $750.

The Clerk may enter Judgment in accordance with this opinion.