# Sampson Prescott v. Ball Engine Company, Appellant.

*Negligence—Master and servant—Tools and material—Fellow servant.*

The duty of an employer is to provide a safe place in which his employees may work, suitable tools and machinery to use while at work, reasonably competent fellow servants with whom to work, and such instruction to the young and inexperienced as may be necessary to warn them against the peculiar dangers incident to the kind of work in which they are to be engaged. He must also furnish them with suitable materials for use; but he is not liable to them for injuries due to their incompetency or carelessness, or to the negligence or malice of their coemployees.

The duty of an employee is to use his senses in all that relates to his employment, to exercise attention and care in the selection of materials from the mass provided for the general use, and in the manner of their general use, and to provide with reasonable diligence for the safety of himself and his coemployees in his management of his own share of the work to be done.

*Master and servant—Fellow servant—Rigger and workman.*

A rigger in a works of a manufacturer of machinery whose duty it is to keep and maintain a suitable supply of ropes from which the workmen may select suitable and safe ropes for hoisting various pieces of machinery, is a vice principal, and not a fellow servant of the workmen.

*Negligence—Fellow servants—Defective ropes.*

In an action by an employee against his employer to recover damages for personal injuries, it appeared that the plaintiff was injured by the breaking of a defective rope used in hoisting a piece of machinery. The ropes were in charge of the rigger, whose duty it was to keep on hand a supply of ropes, some of which should be at all times suitable for use. It was not, however, the duty of the rigger to select the rope to be used on each occasion when a rope was wanted. The rope in use at the time of the accident had not been selected by the rigger, but by one of the plaintiff's fellow workmen. *Held,* (1) that to entitle the plaintiff to recover he was bound to show that there was no better rope in the stock on

| | |
|---|---|
| 176 | 459 |
| 185 | 621 |
| 176 | 459 |
| 196 | 268 |
| 176 | 459 |
| 198 | 356 |
| 176 | 459 |
| 199 | 128 |
| 176 | 459 |
| 19 SC | 468 |
| 176 | 459 |
| 217 | 537 |
| 176 | 459 |
| 219 | 98 |
| 176 | 459 |
| 223 | 132 |
| 176 | 459 |
| 225 | 396 |

hand from which the workmen had a right to select, than the one which was actually selected; (2) that the failure of the rope selected was not due to the manner in which it was put upon the shaft, but to the insufficiency of the rope itself to answer the purposes for which it was offered to the workmen; (3) that the defendant was bound to show no more than that a sufficient number of ropes was provided for the use of the workmen, and that some of them, accessible at all times, were of sufficient strength for the support of a weight, such as was handled at the time the accident occurred; (4) that if a poor rope was used when a good one was within reach, it was negligence, and whether chargeable to the plaintiff or to a coemployee it relieved the defendant from all liability for the injury sustained.

In an action by an employee against his employer to recover damages for personal injuries suffered by reason of a defective rope used in hoisting heavy machinery, it appeared that the workmen in the defendant's establishment had a right to select ropes from certain stocks of rope supplied by the defendant. One of the workmen testified that he was allowed to take whatever ropes or slings he wanted. He was then asked " Was it the same with the other workmen as to their right to get slings as you did ? " He replied, " Yes, sir, they were," and then added, " the foreman told me so." The whole answer was objected to, and the evidence was excluded. *Held,* to be error, inasmuch as the witness had a right to state what he knew of his own knowledge of the usage of the shop.

Argued April 28, 1896. Appeal, No. 6, Jan. T., 1896, by defendant, from judgment of C. P. Erie Co., Sept. T., 1893, No. 150, on verdict for plaintiff. Before GREEN, McCOLLUM, DEAN and FELL, JJ. Reversed.

Trespass to recover damages for personal injuries. Before MILLER, P. J., of the 35th judicial district, specially presiding.

At the trial it appeared that on December 23, 1892, plaintiff while engaged in defendant's works in lifting a heavy piece of machinery was injured by the breaking of a rope used in the work. It appeared that the rigger, Joseph Shannon, ordered the ropes or slings, and kept a supply of them at several places in the works. It was the duty of the workmen to go to these places and select the rope which was suitable for the work which they had in hand. Hill, a fellow workman of the plaintiff, selected the rope which was in use at the time of the accident.

When A. H. Stahl, an employee of defendant, was on the stand, on the part of the defendant, he was asked these questions :

Q. Where did you have to go to get these slings when you wanted to use one? A. There was three places; one at the elevator and one at the testing room and one in the old shop. Q. Now state to the jury whether any instructions were given to you whether—whether you were not allowed to exercise your own discretion? A. I was allowed to get whatever I wanted. Q. Was it the same way with every one in the shop? A. Yes, sir.

Objected to.

Q. Do you know how it was with the other workmen as to their right to get slings as you did? A. Yes, sir; they were. The foreman told me that.

Objected to.

The Court: He couldn't testify as to what the foreman told him except so far as it affected himself; the foreman might tell him something that he didn't tell the other men in the shop. There were over a hundred workmen here. I think it would be incompetent.

Objection sustained and bill sealed for defendant. [5]

Defendant's points, among others, were as follows:

1. If the jury find from the evidence that the sling was negligently or incorrectly put on the shaft by Hill and Sheer, or either of them, the plaintiff cannot recover and your verdict should be for the defendant. *Answer:* Affirmed, if you find that the sling was reasonably sound. [13]

2. If the jury find from the evidence that one of the strands of the sling was cut by the sharp head of the set-screw on the clamp and that this was caused by the sling being incorrectly and improperly put on to the shaft by Hill and Sheer, the fellow workmen of Prescott, then and in that case the plaintiff is not entitled to recover and your verdict should be in favor of the defendant. *Answer:* Affirmed, if you should find that the sling was reasonably sound. [14]

3. If the jury find from the evidence that Joseph Shannon and Hill were fellow workmen of the plaintiff, and that the accident was caused by the negligence of either of them, then and in that case the plaintiff is not entitled to recover, and your verdict should be in favor of the defendant. *Answer:* Affirmed, if you find from the evidence that Joseph Shannon, as well as Hill, was a fellow servant (workman). [15]

5. If the jury believe the evidence of Harrington and other witnesses who testified on the part of the plaintiff, who testified as to the appearance of the sling, by the breaking of which the accident complained of was caused, and Hill and Sheer, fellow workmen of the plaintiff were negligent in taking a worn-out sling with which to do their work, the plaintiff is not entitled to recover damages in this case and your verdict should be in favor of the defendant. *Answer:* Refused, provided you find that the sling used was one furnished by the defendant, and that the plaintiff had no knowledge of its condition. [16]

6. If the jury find from the evidence that the accident was caused through the negligence and carelessness of Hill and Sheer, or either of them, in using a sling which was insufficient for the work to be done, or in so putting it on the shaft that it was cut, then and in that case the plaintiff is not entitled to recover and your verdict should be in favor of the defendant. *Answer:* Affirmed, provided you find from the evidence that the sling used was insufficient for the reason that it was too light a sling to safely lift the weight or shaft in question: provided also that you find that it was reasonably sound, but that it was cut because it was improperly or unskillfully attached to the shaft. [17]

Verdict for plaintiff for $9,990, upon which judgment was entered for $6,000.   Defendant appealed.

*Errors assigned* among others were, (5) rulings on evidence, quoting the bill of exceptions; (13–17) above instructions, quoting them.

*J. M. Sherwin* and *S. A. Davenport*, for appellant.—Shannon was the fellow servant of the plaintiff, Sheer and Hill: Loughlin v. State of New York, 105 N. Y. 159; N. Y., L. E. & W. R. R. v. Bell, 112 Pa. 400; McGee v. Boston Cord Co., 139 Mass. 445; Johnson v. Boston Tow Boat Co., 135 Mass. 209; Webber v. Piper, 109 N. Y. 496.

If the sling was not sound, but had the appearance externally of being a good rope, and if its unsound condition was not known to or could not have been discovered by defendant, by the exercise of ordinary prudence and care, defendant was not guilty of negligence: Phila. & Reading R. R. v. Hughes, 119 Pa. 302; Warner v. Erie Ry., 39 N. Y. 475.

*T. A. Lamb*, with him *E. P. Gould* and *E. A. Walling*, for appellee.—It was the duty of the defendant to furnish and maintain machinery, tools and appliances reasonably safe for use by its employees: Mullan v. Mail Steamship Co., 78 Pa. 25; Hough v. Texas & P. R. R., 100 U. S. 213.

Shannon was a vice principal and his negligence was the negligence of the defendant company: McKinney on Fellow Servants, sec. 41; Lewis v. Seifert, 116 Pa. 628; Ross v. Walker, 139 Pa. 42.

It was the defendant's duty to furnish safe appliances, but in the case of a rope or other appliance known to the employer to be perishable, it was his duty to renew the same at proper intervals: Baker v. Allegheny Valley R. R., 95 Pa. 211.

In Grand Trunk Railway v. Cumming, 106 U. S. 700, it was expressly decided that the company, if its negligence had a share in causing the injuries of the plaintiff, was liable, notwithstanding the contributory negligence of his fellow servant; McKinney on Fellow Servants, secs. 16, 31, 32, 33; Buswell's Law of Personal Injuries, sec. 215.

OPINION BY MR. JUSTICE WILLIAMS, July 15, 1896:

Whose was the negligence from which the plaintiff in this case suffered? Was it that of the defendant company or that of a coemployee? This was the controlling question on which the plaintiff's right to recover depended. It was presented to the court by the defendant's points, numbers one, two, three, five and six, the answers to which are complained of by the assignments of error numbered from thirteen to seventeen inclusive. The duty of the employer is to provide a safe place in which his employees may work, suitable tools and machinery to use while at work, reasonably competent fellow servants with whom to work, and such instruction to the young and inexperienced as may be necessary to warn them against the peculiar dangers incident to the kind of work in which they are to be engaged. He must also furnish them with suitable materials for use: Ross v. Walker, 139 Pa. 49. But he is not liable to them for injuries due to their incompetency or carelessness, or to the negligence or malice of their coemployees. The duty of an employee is to use his senses in all that relates to his employment, to exercise attention and care in the selection of mate-

rials from the mass provided for the general use, and in the manner of their general use, and to provide with reasonable diligence for the safety of himself and his coemployees in his management of his own share of the work to be done. In other words he is bound to bring his mind as well as his limbs into the service of his employers so far as it may be necessary to enable him to exercise a reasonable degree of care over the interests of his employer and the safety of his coemployees and himself. If through carelessness or because of a mistake in judgment the rope selected for use on this occasion was unsuitable for the purpose for which it was wanted; or if, being suitable, it was so negligently or carelessly put upon the shaft as to be cut and weakened unnecessarily; and the accident was due to either of these causes, it is clear that the plaintiff had no cause of action. The jury must find the existence of these two facts before they will be justified in rendering a verdict in favor of the plaintiff, viz: First, that there was no better rope in the stock on hand from which the workmen had a right to select than the one that was selected in this instance; and second, that the failure of the rope selected was not due to the manner in which it was put upon the shaft, but to the insufficiency of the rope itself to answer the purposes for which it was offered to the workmen. We see no reason to doubt that the rigger was a vice principal, and as such charged with the duty of keeping ropes on hand, some of which should be at all times suitable for use. But it was not his duty to select the rope to be used on each occasion when a rope was wanted. If good ropes were in stock, and a poor one was used because of haste, or carelessness, or mistake in judgment, it was not the fault of the rigger as vice principal, but of the workmen themselves; and the injury suffered because of the use of the unsuitable rope could not give the injured person a cause of action against his employer. In the nature of things the ropes will wear from using. In a few months they become worn so badly as to be unsafe for heavy work, while they might be entirely safe for that which is lighter. Such ropes are not to be at once removed from reach, but their use must be left to the experience and judgment of those by whom the work is to be done. Care must be exercised according to the circumstances by the employee, as well as the employer, up to a reasonable degree, and a failure to

exercise such reasonable care is a failure in duty. It is therefore negligence. The answers complained of did not furnish the jury with a clear and distinct statement of the rule ; and the errors assigned to them are sustained. The fifth assignment should also be sustained. The witness Stahl had testified that he selected from the stock of ropes just such slings as he chose when he was employed with the pulley, and was asked, "Was it the same with the other workmen as to their right to get slings as you did?" He replied, "Yes, sir, they were;" and then added, "The foreman told me so." The whole answer was objected to and the evidence was excluded. So far as the answer of the witness rested on his knowledge of the usage of the shop it was competent. If he knew the practice among the men was to select such a sling as they supposed was needed for the work to be done at the time, he had a right to say so. It was clearly the duty of the workmen to make such selection unless a particular sling was provided for each particular piece of work and they were required to use it. If this was required, it was the duty of the plaintiff to show it. It was important for the defendant to show no more than that a sufficient number of slings was provided for the use of the workmen, and that some of them, accessible at all times, were of sufficient strength for the support of a weight, such as was handled at the time the accident occurred. If a poor one was used when a good one was within reach this was negligence, and whether chargeable to the plaintiff or to a coemployee it relieves the defendant from all liability for the injury sustained.

The errors pointed out require us to reverse this judgment. A venire facias de novo is awarded.