# Bondo v. American Iron & Steel Mfg. Co., Appellant.

*Negligence—Master and servant—Safe appliances—Latent defects—Inspection—Crushing hammer.*

A workman employed to feed a crushing hammer with scrap iron, who has been injured while at work, is entitled to maintain a judgment on a verdict in his favor against his employer, where it appears that the hammer revolved at a speed of thirty-eight strokes to the minute; that among the scrap handed to him by the helper was a pipe or tank about six feet long and six inches in diameter charged with gas, which exploded under the hammer, causing the injury; that the front of the pipe was seen by the plaintiff to be closed; that the rear did not have that appearance; that the movement of the hammer required quick action in serving the scrap; and that the accident occurred in the dusk of evening.

When the dangerous character of material furnished to an employee can only be determined by inspection and investigation, and is not open and obvious, the obligation resting on the master to furnish suitable material is continuing, and no intervening agency relieves the master from his primary obligation, and where injury results the fault is imputable to the master in the selection of his materials.

Argued Nov. 13, 1916.   Appeal, No. 326, Oct. T., 1915, by defendant, from judgment of C. P. Berks Co., Aug. T., 1914, No. 147, on verdict for plaintiff in case of Andy Bondo v. American Iron & Steel Manufacturing Co.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before WAGNER, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $400.   Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment n. o. v.

*Cyrus G. Derr,* for appellant.

*William Kerper Stevens,* with him *Joseph R. Dickinson,* for appellee.

OPINION BY KEPHART, J., March 13, 1917:

The plaintiff, an uneducated workman of Polish birth, was employed by the defendant to feed a crushing hammer with scrap iron. This scrap consisted of all kinds of iron, including pipe and tanks closed at both ends. The hammer was one and one-half feet square, weighed nineteen hundred pounds, and moved at a speed of thirty-eight strokes to the minute. The iron to be flattened or crushed was brought to a pile close to the machine. A helper took the iron from the pile, handed it to the plaintiff, who placed it upon a roller and shoved it under the hammer, after which it was removed by a third person. While engaged in this work, a pipe charged with gas, about six feet long, and six or seven inches in diameter, was placed underneath the hammer. The front part of this pipe was seen by plaintiff to be closed. The rear did not have that appearance. It was only by feeling or making a close examination of the rear end that it could be seen to be closed, as the pipe was sealed with a concave cap. When the second stroke of the hammer fell, the pipe burst, a piece of it struck the plaintiff, breaking his arm and doing other injury. The accident occurred well on toward evening and it was not easy to see where the work was being done.

The negligence charged was in furnishing dangerous material. It is the absolute duty of the master to furnish proper and suitable material to the servant, with which he must work: Ross v. Walker, 139 Pa. 42-50; Prescott v. Ball Engine Co., 176 Pa. 459. When materials have been provided, ample in quantity and quality, for the work undertaken, it is not necessary for the employer to supervise the selection of every piece of material for every purpose, nor supervise the mere details

going into the selection of the material: Ross v. Walker, supra; Buck v. New Jersey Zinc Co., 204 Pa. 132. This rule, however, must have reference to cases considering the character of materials furnished, the obviousness of the danger apparent from the use and handling of such material, and the opportunity the servant has to perceive their improper or unsafe condition. A person assumes the risk from dangers which are so patent and obvious that he either knew or in the exercise of ordinary care should have known of their existence: 26 Cyc. 1213. The servant is expected to use the care which persons of ordinary intelligence may be expected to take for their own safety. He has a right to believe that the master has performed his duty in exercising reasonable care in the selection of proper and suitable materials, and even if he has an opportunity for inspection, he is under no primary obligation to investigate for latent defects and can only be charged with assumption of risk when the danger is open and obvious. When the dangerous character of the material can only be determined by inspection and investigation, and is not open and obvious, the obligation resting on the master to furnish suitable material continues. No intervening agency under these circumstances relieves the master from his primary obligation, and where injury results, the fault is imputable to the master in the selection of the materials. The duty to furnish suitable materials "is a direct, personal and absolute obligation; and, while the master may delegate these duties to an agent, such agent stands in the place of his principal and the latter is responsible for the acts of such agent......The master is held for the negligence of such agent or subordinate": Lewis v. Seifert, 116 Pa. 628-647; Ricks v. Flynn, 196 Pa. 263.

It cannot be denied that the pipe used for the purpose intended was dangerous, and that it was negligent for the defendant to furnish it. The master cannot be relieved of liability because the helper neglected any duty

imposed on him to inspect the pipe. The material furnished was of such a character that it at times would become dangerous to the servant using it. The helper was in a better position than plaintiff to ascertain the condition of the tank when it was given to plaintiff. The helper's knowledge, uncommunicated to the plaintiff, would not charge him with notice of the material's dangerous character. The master was obliged to furnish suitable material. If this obligation was delegated to the helper, he would stand in the position of a vice-principal. The danger was concealed in such manner as not to be ascertainable except by close inspection or investigation. The movement of the hammer required quick action in serving the iron. Little time was permitted for the helper's investigation even if it were incumbent on him to make one. The testimony concerning the instructions as to the use of scrap pipe was conflicting; it was necessarily for the jury. In this view of the case the appellant's first, fourth and fifth assignments of error must be dismissed.

The plaintiff testified that he was not familiar with the kind of pipe that caused the accident. The court could not say, as a matter of law, that the plaintiff was guilty of contributory negligence, or that he had assumed any risk by virtue of his employment, when he used the tube in question. The length of time that he was employed at this particular work is not the only circumstance from which contributory negligence might be determined. He was working with constantly changing material and rarely with this particular kind. Had the accident occurred through his failure to perform his labors in the manner usual to such work, or because of a failure to use care about the machinery employed for doing the work, or because of an unsafe place to work, his length of service would go far toward relieving the master from liability. Nor can he be convicted of negligence because he knew that the piece of scrap iron was a tank with the front end closed. The conditions under which he was

working, and the manner in which the work was performed, precluded, as we have said, the employee from making a closer inspection of the tank.  Of course, had the danger been obvious, the employee would not be relieved of the duty to use his own senses, as far as the character of his service will permit.

The assignments of error are overruled, and the judgment is affirmed.