## Colleoni, Appellant, *v.* Delaware & Hudson Co. et al.

*Negligence—Mines and mining—Independent contractor—Notice—Mine foreman—Act of June 2, 1891, P. L. 176.*

1. Where a contract is let for work to be done by another in which the contractee reserves no control over the means of its ac-

complishment but merely as to the result, the employment is an independent one establishing the relation of contractee and contractor and not that of master and servant.

2. If such contract is between a mine owner and a person who is to employ workmen and do the mining, the mine owner is not affected by notice given to the independent contractor of the unsafe condition of the mine roof, and is therefore not liable for the death of an employee of the contractor caused by the fall of the roof.

3. If the contract was made prior to the passage of the Act of June 1, 1915, P. L. 712, amending the Act of June 2, 1891, P. L. 176, and contains a provision that the work should be done according to the "directions" of the mine foreman, such provision in no manner affects the independent nature of the contract, and will be considered as having been inserted as necessary to observe the requirement of the act.

4. The duty is placed on the mine foreman under the Act of 1891 to see that all working places in the mine are properly secured by props, and his failure to do so, where sufficient props have been furnished by the miner, imposes no liability on the mine owner.

5. Not decided whether the defense of independent contractor can be set up to defeat a claim against the mine owner arising out of the latter's own negligence towards a workman employed in the mine by a contract miner.

Argued February 20, 1922. Appeal, No. 187, Jan. T., 1922, by plaintiff, from judgment of C. P. Lackawanna Co., Jan. T. 1916, No. 310, on verdict for defendant, in case of Nazzarena Colleoni v. Delaware & Hudson Co. and Frank Fidati. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trepass for death of plaintiff's husband. Before MAXWELL, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff. Judgment for defendant n. o. v., quoting record. Plaintiff appealed.

*Error assigned,* inter alia, was judgment n. o. v., quoting it.

*R. W. Archbald* and *Charles B. Little,* for appellant.— Fidati was not an independent contractor, but was the

agent and representative of the mine owner, in immediate charge of the work in which plaintiff's husband was killed: McColligan v. R. R., 214 Pa. 229; Herrington v. Booth, 252 Pa. 70; Ricks v. Flynn, 196 Pa. 263; Campbell v. Wells, 256 Pa. 446.

The negligence which was the cause of the accident was sufficiently set forth in the statement of claim and there was no variance between allegations and proof as contended by defendant.

Defendant was not relieved from responsibility for the accident because of having employed a certified mine foreman: Simmons v. Coal Co., 240 Pa. 354; Watson v. Coal & Coke Co., 247 Pa. 469; Whittaker v. Coal Co., 260 Pa. 209; Bogdanovicz v. Coal Co., 240 Pa. 124; Peters v. Coal Co., 243 Pa. 241; Cossette v. Coal Mining Co., 259 Pa. 520; Hood v. Mining Co., 231 Pa. 647; Kolalsky v. D. & H. Co., 260 Pa. 357; Walcutt v. Coal & C. Co., 226 Pa. 204; Mingak v. Coal Co., 51 Pa. Superior Court 584.

*James H. Torrey,* for appellees.—Under the written contract between Fidati and the Delaware & Hudson Co., Fidati was an independent contractor and neither a servant nor vice principal of company: Kelley v. R. R., 270 Pa. 426; Smith v. Ins. Fund, 262 Pa. 286; Hunt v. R. R., 51 Pa. 475; Coates v. Chapman, 195 Pa. 109; Erie School Dist. v. Fuess, 98 Pa. 600; Thomas v. Ry., 191 Pa. 361.

The company defendant, having employed a certified mine foreman, is not responsible to plaintiff: Durkin v. Coal Co., 171 Pa. 193; Golden v. Coal Co., 225 Pa. 164; Dempsey v. Coal Co., 227 Pa. 571; Rafferty v. Mining Co., 234 Pa. 66; Watkins v. Lehigh C. & N. Co. 240 Pa. 419; Redstone Coke Co. v. Roby, 115 Pa. 364.

The duty to secure and place props for the support of the roof devolved upon the miner by whom plaintiff's decedent was employed as a laborer, and the Delaware

& Hudson Company cannot be held for the omission of that duty.

OPINION BY MR. JUSTICE FRAZER, May 15, 1922 :

Plaintiff sued on behalf of herself and minor children to recover damages for the death of her husband Guglielmo Maffeis, who was killed December 2, 1914, by the falling of a roof in the Grassy Island Coal Mine of defendant corporation, in which he, with others, was engaged in the work of removing pillars. The negligence charged was failure to insert sufficient props to support the mine roof. The action was brought jointly against the owner of the mine and Fidati, the other defendant, by whom the work was being done under a written contract with the mine owner. A verdict was rendered in favor of plaintiff, the court below, however, subsequently entered judgment non obstante veredicto for defendants, from which order plaintiff appealed.

By the terms of the contract above referred to Fidati agreed "to perform in a good and workmanlike manner and according to the directions of the mine foreman of the above colliery, all the work at the prices set opposite the class of work specified in column 10. Said price including all slate, bone or rock in the vein, and also includes the delivery of coal to the branch head of Eng. plane No. 1. Company to furnish mules, cars, timber and track material. Company reserves the right to annul contract, and stop work, by its terms, upon five days notice." A witness called by plaintiff testified he was engaged in the work with Maffeis and several days before the accident had called Fidati's attention to the danger to workmen, owing to the unsupported condition of the roof in a chamber immediately joining that in which they were at the time working and was informed that the support was ample and that no danger existed from that source. Plaintiff relies upon this evidence in support of the contention that defendant, through Fidati, had notice of the danger and failed to take precautions to avert

the accident which followed and that, though the mine owner is not liable for the negligence of the mine foreman, he is liable for his own negligence in permitting a known dangerous condition to exist without taking proper precautions to remedy the unsafe situation. Peters v. Vesta Coal Co., 243 Pa. 241; Cossette v. Paulton Coal Mining Co., 259 Pa. 520. This contention presents for consideration the question whether under the writing above quoted Fidati was an employee of his codefendant, or whether his employment was that of an independent contractor to the extent that notice to him would not be notice to the mine owner.

Under the contract, Fidati was obliged to furnish the workmen necessary to carry out his agreement, fix their wages and report their time to the company, who paid to those engaged in the work the amount due each and charged such payments against the contract. The mine owner, under the contract, furnished the equipment, including "mules, cars, timber and track material," reserving, however, the right to cancel the contract on five days notice but retaining no control over the workmen or over the manner of doing the work, except such as might be inferred from the stipulation providing the work should be done "according to the directions of the mine foreman." The rule applicable here is that where a contract is let for work to be done by another in which the contractee reserves no control over the means of its accomplishment but merely as to the result, the employment is an independent one establishing the relation of contractee and contractor and not that of master and servant: Smith v. State Workmen's Ins. Fund, 262 Pa. 286, 291; Kelley v. D. L. & W. R. R. 270 Pa. 426, 429. The provision that the work should be done according to the "directions" of the mine foreman may reasonably be construed as giving the foreman power merely to direct the result of the work and see that the contract is faithfully performed and not to direct the manner of its perform-

ance: Painter v. City of Pittsburgh, 46 Pa. 213, 222; Allen v. Willard, 57 Pa. 374, 382.

It is not necessary to determine this question, however, as the mine foreman was the person who, as designated by article XII, section 4 of the Act of June 2, 1891, P. L. 176, must have charge of the "under ground workings" of the mine. The provision in question was apparently inserted to observe the requirements of the law and it in no manner affects the independent nature of the contract. For this reason the mine owner was not affected by the notice to the contractor of the unsafe condition of the mine roof. Nothing we have written on this point must be understood as deciding that the defense of independent contractor may be set up to defeat a claim against the mine owner arising out of the latter's negligence toward a workman employed in the mine by a contract miner: that point is not before us in this case.

It seems to be conceded sufficient props were furnished by the mine owner, the negligence charged being failure to use them. The duty is placed on the mine foreman under the Act to see that all working places in the mine are properly secured by props and his failure to do so imposes no liability on the mine owner: Durkin v. Kingston Coal Co., 171 Pa. 193; Lynott v. Scranton Coal Co., 269 Pa. 554.

The Act of 1891 as amended by the Act of June 1, 1915, P. L. 712, changes to some extent the relation between the mine owner and foreman: Kelly v. D. L. & W. R. R., supra. As the making of the contract and the happening of the accident in this case both occurred previous to the passage of this act it becomes unnecessary to consider what, if any, effect its provisions may have on the rights of the parties.

Our conclusion on the above question renders unnecessary consideration of the other questions raised in the record.

The judgment is affirmed.