Hartz, Appellant, *v.* Schafer.

450

Argued February 2, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Ben Branch,* with him *Asher Seip,* for appellant.— The decision in the compensation proceeding was res judicata.

The decedent was not an independent contractor: Campagna v. Ziskind, 287 Pa. 403; Gailey v. Ins. Fund, 286 Pa. 311; Brooks v. Buckley & Banks, 291 Pa. 1; Kelley v. R. R., 270 Pa. 426; Simonton v. Morton, 275 Pa. 562; Bojarski v. Howlett, 291 Pa. 485.

It is the positive duty of a master to furnish his servant with reasonably safe instrumentalities wherewith to do his work: Morrison v. Oil Co., 247 Pa. 263; Fuller v. Coal Co., 268 Pa. 328; McGrath v. Refining Co., 264 Pa. 341; Sharpley v. Wright, 205 Pa. 253; Penna, etc., R. R. v. Mason, 109 Pa. 296; McGrath v. Refining Co., 264 Pa. 341.

The rope which broke certainly was of insufficient strength, because had it been strong enough it would not

have broken. Accidents such as this do not happen if the rope is, sufficient, so we come very close to the doctrine of res ipsa loquitur: Zahniser v. Torpedo Co., 190 Pa. 350; Delahunt v. United T. & T. Co., 215 Pa. 241; Folk v. Schaeffer, 186 Pa. 253.

*T. McK. Chidsey,* of *Chidsey, Maxwell & Frack,* with him *Paul D. Edelman* and *Albert F. Kahn,* for appellee.—Assuming that the relation of master and servant existed, there is no liability, because Hartz and his associates furnished their own tools and equipment: Vendig v. Union League, 291 Pa. 536; Flanigan v. McLean, 267 Pa. 553.

So, also, plaintiff assumed the risk: Prescott v. Engine Co., 176 Pa. 459; O'Dowd v. Burnham, 19 Pa. Superior Ct. 464.

OPINION BY MR. JUSTICE KEPHART, March 16, 1931:

Plaintiff's husband was one of several men hired to erect the steel work for defendant's building. There is no doubt from this record that plaintiff's husband, with others, furnished the tools and equipment with which to perform this work. The company that fabricated and sold the steel to defendant could not erect it, but some of its men, with their foreman, undertook its erection. The steel company loaned to these men the necessary equipment; they had it transported by truck to the defendant's premises where the building was in course of erection. Part of the equipment was defective. This was a guy rope used to hoist the steel into place, and during its use it broke and plaintiff's husband was killed. The widow appeals from the judgment against her.

Whether these men erecting the steel may be regarded as servants, whose employment was casual in character, or as independent contractors, is immaterial, for defendant is not liable in either case.

Where a servant furnishes the tools with which he works and they are or become defective or unsafe, occasioning an injury to the servant, the master cannot be held liable: Harkins v. Standard Sugar Refining, 122 Mass. 400; Fellows v. Stevens, 170 Mich. 13; 132 N. W. 1047; 39 C. J. 621. In this case paragraph 10 of the statement of claim averred that defendant furnished the apparatus used. The affidavit of defense specifically denies this averment. This raised a question of fact, the burden of proving the affirmative of which rested on plaintiff. Under such circumstances there can be no presumption that the defendant furnished the equipment. The question of fact was disclosed by the plaintiff's evidence. The record shows that for the purposes of this particular work the apparatus belonged to plaintiff's husband and others. The pleadings do not prevent defendant from availing himself of these facts to prevent liability for the injury that followed the breaking of the guy rope. The affidavit of defense may admit the particular instrumentality that causes the injury, but this does not relieve the plaintiff from proving the vital averments of his case.

Moreover, the deceased assumed the risk of his employment. He was the rigger on this job and adjusted and inspected the ropes before the girder was raised. He knew, or should have known, their condition. The rope that broke had the appearance of a new rope, but the deceased, under his then occupation, assumed to know all about ropes and their uses. It was his duty to use his senses and to exercise care and attention in the selection of the material so as to provide for the safety of himself and his coemployees. His inattention in this regard will visit on him the consequences of his neglect. See Prescott v. Ball Engine Co., 176 Pa. 459; O'Dowd v. Burnham, 19 Pa. Superior Ct. 464.

That part of the Workmen's Compensation Act which takes away certain defenses and the injured person's right to sue under the common law, does not apply to

this case. The Workmen's Compensation Act was intended to include and control only employees who are employed in the regular course of the business of the employer; the act specifically eliminates the employment which is casual in character, as in this case. In the case of the latter, all the common law rights and remedies remain as before the act and govern such employment.

Judgment of the court below is affirmed.