## W. H. Mooney *v.* Julius Weidner.

412

Argued May 5, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Harry J. Nesbit,* and with him *Harry M. Rimer,* for appellant.

*George F. Whitmer,* for appellee.

Opinion by Drew, J., July 8, 1931:

W. H. Mooney filed a claim for workmen's compensation against Julius Weidner for injuries received when a truck on which he was riding ran over an embankment on August 14, 1928. The single question involved is whether, at the time of the accident, claimant was an employee of defendant or an independent contractor. If the former, he was entitled to compensation; if the latter he was not so entitled: Kelley v. D. L. & W. R. R. Co., 270 Pa. 426. The referee found as a fact that the relationship of master and servant existed and accordingly made an award in claimant's favor, which award was sustained by the Workmen's Compensation Board and affirmed by the lower court. This appeal was then taken by defendant and his insurance carrier, the Indemnity Insurance Company of North America.

There was some dispute as to the facts and the testimony was conflicting. It was the duty of the compensation authorities to analyze the evidence for the purpose of determining on which side the weight thereof lay; if there was sufficient competent evidence to support the findings of fact we must accept them as true: Slemba v. Hamilton & Sons, 290 Pa. 267, and cases there cited. The facts are as follows: Claimant worked for defendant, at a daily wage of $2.50, in a junk yard owned and operated by defendant at Rimersburg, Pennsylvania. Working in the yard with claimant, and at the same wages, was G. W. Smith.

At irregular but frequent intervals claimant and Smith, at the direction of defendant, or with his consent, went out upon a truck, owned and maintained by defendant, and travelled about the surrounding country in quest of iron scrap, rags, paper, etc., with which to supply defendant's yard. Defendant at times furnished the money to pay for the junk but when he did not do so claimant paid for it and was reimbursed by defendant. Frequently defendant ordered claimant and Smith to go to a particular place for junk, but usually they followed their general instructions to find a load wherever they could and bring it in. All junk obtained was loaded on the truck and brought to defendant, who paid them for it at the end of each trip at a rate which enabled them to realize a profit which they divided equally. They had a wide discretion as to when and where to go upon these trips, but were not allowed to retain any of the junk themselves or to sell it. A few days prior to the accident in question, defendant discharged Smith "because he didn't take care of the truck," but on the morning of the accident, he sent claimant to get Smith and the three went together on the truck to inspect an old plant which defendant contemplated buying and having the two men tear down and salvage, but which, after inspection, he decided not to buy. The defendant then returned to his yard by train after directing claimant and Smith to take the truck and gather junk. While they were so engaged, they met with the accident to which reference has been made.

The Workmen's Compensation Act of June 2, 1915, P. L. 736, declares the terms "employer" and "employee," as there used, to be synonymous with those of "master" and "servant," and in McColligan v. Penna. R. R. Co., 214 Pa. 229, it was said: "The relation of master and servant exists where the employer has the right to select the employee, the power to remove and discharge him, and the right to direct

both what work shall be done, and the way and manner in which it shall be done.'' On the other hand, where a contract is let for work to be done by another in which the contractee reserves no control over the means of its accomplishment, but merely as to the result, the employment is an independent one establishing the relation of contractee and contractor and not that of master and servant: Smith v. State Workmen's Ins. Fund, 262 Pa. 286; Kelley v. D. L. & W. R. R. Co., supra; Colleoni v. Delaware & Hudson Co., 274 Pa. 319; Simonton v. Morton, 275 Pa. 562. The distinguishing criterion is the right to control the manner of accomplishing the result and if such right exists, it is not necessary that there be an actual exercise of control: Lenhart v. Emmons & Co., 99 Pa. Superior Ct. 180.

Applying this test to the instant case we find that claimant was at all times subject to the instructions of defendant. It is not denied that while working in the yard he was defendant's employee. While out on the road he and Smith frequently employed such means as they saw fit to collect the junk, yet this was done in accordance with the general instructions of defendant, who retained the right to direct them in the performance of these services. He often exercised this right. The further fact that defendant discharged Smith indicates that the latter was his employee. And it follows if Smith was an employee claimant was also.

We find nothing to support the contention that claimant, when gathering junk, became an independent contractor and as such employed Smith to drive the truck for him. The truck was owned by defendant, who furnished gas and oil and paid all expenses, and was used by him for the exclusive purpose of supplying his yard with junk which was necessary for his business. He hired claimant and Smith

and gave them the truck for this purpose, with orders to get junk wherever they could and bring it to his yard. He did not agree to pay them by the day for this work. He adopted a much better way of compensating them to get results. He paid them by weight at a rate which gave them a satisfactory profit over what they paid for the junk. They received this profit in lieu of wages and divided it between them. They were thus really paid for piece work, and it was necessary for them to succeed in their work to get any pay. This of course was the object of defendant in adopting that system.

It was not necessary for claimant to have specific instructions each time he took the truck out. His general instructions covered all his work when using the truck to get junk, and in each and every instance he acted with the knowledge or consent of defendant. The same is true of Smith. Under the facts of the case there can be no doubt claimant was an employee and not an independent contractor: Lenhart v. Emmons & Co., supra. In line with this conclusion are the cases of McCarthy v. Dunlevy-Franklin Co., 277 Pa. 467 and Cardiota v. Cunningham Piano Co., 87 Pa. Superior Ct. 458, where, under facts of a similar nature, a travelling salesman employed to sell goods on commission and to make collections, and a piano salesman directed to use an automobile and go wherever he had a prospect of making a sale, were held to be employees within the provision of the Workmen's Compensation Act.

In deciding a question such as here involved neither the compensation authorities nor the courts should be solicitous to put a claimant in the position of an independent contractor when a reasonable view of the evidence warrants a finding that he was an employee: Gailey v. State Workmen's Ins. Fund, 286 Pa. 311.

The judgment is affirmed.