Koch *v.* Matter et al., Appellants.

Argued January 25, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Wm. A. Skinner,* with him *J. Wilson Ames,* for appellant.—Defendant, having furnished an adequate and safe scaffold, is not liable for injuries sustained in its neglient use by coemployees: Iams v. Glass Co., 251 Pa. 439; Miller v. Bridge Co., 216 Pa. 559; Ross v. Walker, 139 Pa. 42; Keystone Bridge Co. v. Newberry, 96 Pa. 246; Schneider v. Quartz Co., 220 Pa. 548; Durst v. Steel Co., 173 Pa. 162; Nemier v. Riter & Conley, 179 Pa. 557; Beach v. Hyman, 254 Pa. 131; Eddleman v. Penna. Co., 223 Pa. 318; King v. McClure, 222 Pa. 625.

Plaintiff was a coemployee of Linert, and not an independent contractor: McColligan v. R. R., 214 Pa. 229; Campagna v. Ziskind, 287 Pa. 403; McCall v. Telephone Co., 79 Pa. Superior Ct. 505; Gailey v. State Fund, 286 Pa. 311; Long v. Paving Co., 295 Pa. 163; Marsh v. Groner, 258 Pa. 473; Blake v. Wilson, 268 Pa. 469; Dunlap v. Paradise Camp, 101 Pa. Superior Ct. 339; Lenhart v. Emmons & Co., 99 Pa. Superior Ct. 180.

The evidence being clear and undisputed, the question of whether the plaintiff was or was not an independent contractor was one of law for the court: Campagna v. Ziskind, 287 Pa. 403; Elliott v. Wanamaker, 155 Pa. 67; Williams v. Cook, 289 Pa. 207; Machen v. Wheel Co., 294 Pa. 69; March v. Traction Co., 285 Pa. 413.

*Philip Mattes,* of *Kaufman & Mattes,* with him *A. G. Rutherford,* for appellee.—There was evidence from which the jury might infer that plaintiff was an independent contractor: Uhler v. Jones, 78 Pa. Superior Ct. 313; Guilinger v. R. R., 304 Pa. 140; Grauf v. Reing, 95 Pa. Superior Ct. 8; Erie v. Caulkins, 85 Pa. 247; O'Donnell v. Telephone Co., 250 Pa. 440; Simonton v. Morton, 275 Pa. 562; Swartz v. Boro., 278 Pa. 134; Bojarski v. Howlett, 291 Pa. 485; Long v. Paving Co., 295 Pa. 163; Scalise v. Venzie, 301 Pa. 315; McDonald v. Levinson, 302 Pa. 287.

Defendants are liable even though plaintiff was an employee: McGeehan v. Hughes, 217 Pa. 121; Swartz v. Bergendahl-Knight Co., 259 Pa. 421; Reilly v. Reilly, 264 Pa. 103; Lynott v. Coal Co., 269 Pa. 554; Lemon v. Lonker, 97 Pa. Superior Ct. 240.

OPINION BY MR. JUSTICE DREW, March 24, 1932:

This is a suit for damages for injuries sustained by plaintiff while engaged in painting the interior of defendants' garage. The plaintiff is a painter, and while he was working on another job, he was approached by one of the defendants, who explained to him that defendants wished him to paint their garage, that they would furnish the materials and scaffolds, with men to rig them, and would pay him eighty cents an hour for his work. The plaintiff accepted the offer. The conversation between the parties comprised the contract.

The plaintiff started to perform the contract, defendants having furnished two scaffolds, the men to rig them, and the necessary materials. During the progress of the

work, an employee of the defendants, in rigging the scaffold, neglected to fasten one of the set screws which supported it. Before going upon it, plaintiff asked this employee whether the scaffold was safe, and was assured that it was. It had been securely fastened only at one end, and as plaintiff worked toward the other end, where the set screw had not been fastened, it gave way and he fell to the floor, receiving injuries claimed to be permanent. At the close of plaintiff's case defendants made a motion for binding instructions which was refused, and the jury returned a verdict for the plaintiff. Defendants made no motion for a new trial, but elected to stand entirely upon a motion for judgment n. o. v. Defendants' theory is that plaintiff was injured by the negligence of a fellow servant, and that there was no evidence from which the jury could have inferred that plaintiff was an independent contractor, and that binding instructions should have been given in favor of the defendants. The lower court discharged the motion for judgment on the ground that under the terms of the contract plaintiff was an independent contractor. Judgment having been entered on the verdict, defendants appealed.

The case is thus narrowed to the single question—Did the lower court err in refusing to enter judgment for defendants on the ground that as a matter of law plaintiff was an employee and barred from recovery by the fellow servant rule? We think the answer is obvious. The contract was an oral one, there was no contradiction of its terms, no question of credibility was involved, and it was the duty of the court as a matter of law to interpret it. As was said in Elliott v. Wanamaker, 155 Pa. 67: "The construction of an oral contract is for the jury when there is any doubt about its terms;......but when there is no dispute as to its terms, and no ambiguity which needs explanation, it is for the court to determine the meaning of the contract. The province of the jury is to settle disputed questions of fact. If no such disputed facts exist there is nothing for them to do, and it

is for the court to determine the legal effect of the contract." See also Machen v. Budd Wheel Co., 294 Pa. 69 at 76, and cases there cited.

The question whether this parol contract created between the parties a relation of contractee and contractor or that of master and servant was determined by the learned trial judge when he charged the jury that plaintiff was entitled to recover if the accident was caused, without contributory negligence on his part, by the negligence of defendants' servants. Inasmuch as plaintiff could recover, in the event of such negligence on the part of defendants' servants, only if his relation to defendants was that of an independent contractor, this was a ruling that such was the relationship between the parties. In this we see no error. Inasmuch as there was no evidence of contributory negligence, the plaintiff was entitled to binding instructions, the only question to be determined by the jury being the amount of damages.

The interpretation of the oral contract by the learned trial judge was correct. The defendants engaged the plaintiff, a painter who did independent work, to paint their garage on definite terms. They did not engage him as an unskilled laborer to work at their direction by the hour or day, but as a contractor who would achieve a certain result. They were not seeking the services of one who would follow their instructions as to the manner of doing the job about which he knew more than they. They were garagemen. The work he contracted to do was not in the line of their business. He was bound to do the work within a reasonable time and in a workmanlike manner, but was not under their supervisory control. Neither party could have concluded the contract at will. Plaintiff was bound to complete the work, and the defendants could not discharge him, or prevent him from finishing it, so long as he was performing his contract in good faith.

The facts of the case necessarily lead to the conclusion that plaintiff was an independent contractor. He

undertook to execute the work and to accomplish a stipulated result. The right of control of the doing of the work and of the forces and methods of accomplishing it was in him. We have repeatedly held that under such circumstances the relationship of independent contractor is created: McColligan v. P. R. R. Co., 214 Pa. 229; Simonton v. Morton, 275 Pa. 562; Gailey v. State Workmen's Ins. Fund, 286 Pa. 311.

Defendants claim the work was not under plaintiff's control because, at the request of Walter Matter, one of the defendants, he put a second coat of paint on a board in the side wall, contending that this showed he was working under the control of defendants. With this we cannot agree. There is necessarily a certain control left in the hands of the contractee in order to insure a proper performance, but this does not make the relationship between the contracting parties that of master and servant. As was said by Mr. Justice Schaffer in Simonton v. Morton, supra, quoting from 14 Ruling Case Law, "As a practical proposition, every contract for work to be done reserves to the employer a certain degree of control—at least to enable him to see that the contract is performed according to the specifications. The employer may exercise a limited control over the work without rendering the employee a mere servant, for the relation of master and servant is not inferable from the reservation of powers which do not deprive the contractor of his right to do the work according to his own initiative so long as he does it in accordance with the contract." To the same effect see Brooks v. Buckley & Banks, 291 Pa. 1; Bojarski v. Howlett, 291 Pa. 485; Long v. Eastern Paving Co., 295 Pa. 163. Matter's conduct, we believe, was merely an expression of dissatisfaction with the result produced by plaintiff, and not an attempt by him to supervise or control the plaintiff in the manner of doing his work. In complying with defendant's request, in this one respect, plaintiff was merely trying to carry out the contract in a way satis-

factory to all; it was a concession, and did not change the relationship to that of master and servant: Industrial Com. v. Md. Casualty Co., 65 Colo. 279, 176 Pac. 288.

The assignments of error are overruled and the judgment is affirmed.