Holbrook, Appellant, v. City of Wilkes-Barre.

Argued April 28, 1932.

Before TREXLER,
P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE,
STADTFELD and PARKER, JJ.

*Roger J. Dever,* for appellant.

*Edwin B. Morgan,* for appellee.

OPINION BY TREXLER, P. J., July 14, 1932:

This is a workmen's compensation case. The claimant was employed by F. A. Leonard to do carpenter work in connection with certain engine houses in the City of Wilkes-Barre. Leonard received the contract from Mr. Mundy, who was connected with the government of the city. The arrangement was verbal and no attempt was made to conform with the act of July 8, 1917, P. L. 1083, Section two. The act provides that before any contract is made by any municipality or any department thereof, or any municipal division of the Commonwealth, requiring in its performance the employment of labor, before the contract be signed, proof shall be produced that the contractor with whom the contract is made has accepted the workmen's compensation act, and has been insured thereunder in accordance with the terms of the said contract, or that

a certificate of exemption from insurance has been properly issued. Section 3 of the Act provides, that if this feature be omitted, the contract shall be void.

It is very evident that if the contract is void, no recovery can be had under it. In law it has no existence. Hazle Drug Co. v. Wilner, 284 Pa. 361. In order to recover the claimant must evolve out of the performance of the work at the hose house some relation between him and the city, that entitles him to recovery. Under our workmen's compensation act it would seem to be self-evident that the mere doing of the work, without any authorization by the city would not be sufficient to sustain his action. Section 104 of Article 1, the act of 1915, P: L. 736, declares that "the term 'employee' as used in this act is declared to be synonymous with servant, and includes all natural persons who perform services for another for a valuable consideration exclusive of persons whose employment is casual in character." The relationship must be one of master and servant. The claimant was the servant of Leonard, the contractor, not of the city: Sgattone v. Mulholland & Gotwals, Inc. et al., 290 Pa. 341, 138 A. 855. The city reserved no control over the claimant: Flaharty v. Trout et al., 290 Pa. 315, 138 A. 863. He was neither employed by the city, paid by it, nor did any one connected with it sustain any relation with him. Leonard was an independent contractor, being such the claimant has to look to him for compensation. "Where a contract is let for work to be done by another in which the contractee reserves no control over the means of its accomplishment, but merely as to the result, the employment is an independent one establishing the relation of contractee and contractor, and not that of master and servant." Simonton v. Morton, 275 Pa. 562, 119A. 732. Mooney v. Weidner, 102 Pa. Superior Ct. 411; Brooks v. Buckley & Banks, 291 Pa. 1; McDonald v. Levinson Steel Co., 302 Pa. 287; Kelley

v. Delaware, L. & W. Rwy. Co., 270 Pa. 426; Gailey v. State Workmen's Fund, 286 Pa. 311.

Under the Workmen's Compensation Act there are employers, not in fact, who are made so by sections 203 and 302. In McDonald v. Levinson Steel Co., supra, our Supreme Court has defined the elements which are essential to a statutory employers' liability, and without going into the matter at length it is evident that the present case does not present the facts which are required to make the above sections applicable.

"The state, county or municipal authorities, for compensation purposes, are regarded much as business corporations. These are constantly letting contracts for the erection of public works, roads, etc. It would be inconceivable to suppose that the State was the principal contractor responsible to the employee of its contractors and subcontractors under the Compensation Act, yet in all these undertakings the various municipalities are doing work in the course of their regular business on their own premises. They, as owners, are not principal contractors or employers under the Act": McDonald v. Levinson Steel Co., supra, Brooks v. Buckley, supra, is a case somewhat similar to the present. Defendant had a contract with the City of Philadelphia to furnish men and trucks for the purpose of removing snow and ice from the streets, and Brooks was injured. The court held that a municipality may employ men directly to clear the snow, and it thus becomes an employer, but if it has a contract with an independent contractor to do the work, it is not liable for injury to workmen employed by the contractor.

We all agree that the judgment entered by the lower court should be sustained.

The judgment is affirmed. Appellant to pay the Court.