MARK, J.,
This case is before the court on defendant’s motion for summary judgment. For the reasons that follow, we will grant the motion.
Factual and Procedural Background
On June 27, 2011, plaintiff Matthew Westerholm (“plaintiff’) filed a complaint seeking damages for injuries he sustained on defendant Kevin Berry’s property while performing clean-up/maintenance services. In October of 2011, plaintiff filed an amended complaint removing allegations of recklessness against defendant and on November 8, 2011, filed a second amended complaint. Following stipulations entered by counsel for both parties amending defendant’s residential address and the discontinuance of all claims against KMB Plumbing & Electrical, Inc., the parties proceeded to discovery. After completing discovery, defendant moved for summary judgment. Both parties filed briefs and the motion was orally argued. Having heard the parties’ arguments and read their briefs, we are now ready to rule on defendant’s motion.
The basic facts are not in dispute and are clear from the record. On September 28, 2009, plaintiff was hired by defendant to perform some construction work at 2136 Clearview Avenue in Stroudsburg, PA. (PI. Dep. 18:1 — 22:7, June 28, 2012.) Plaintiff testified that when he arrived on defendant’s premises, he was instructed by defendant to clean up around the property while they *331 waited for other crewmembers to arrive. (PI. Dep. 24:4-19). Plaintiff alleges defendant instructed him to clean up by taking “[a]nything that was flammable” and placing it inside a bum pile. (Id.) Plaintiff admitted that the bum pile consisted of “basically what [he] was putting in there,” which he approximated to be “[m]aybe two garbage cans full of wood, scrap wood.” (PL Dep. 29:11-23; 31:12-15). Plaintiff alleges defendant told him to grab a gas can and use it to start a fire. (PI. Dep. 28:15-24). Despite knowing that he was dealing with flammable items, plaintiff took a five gallon can of gasoline, poured some into the bum pile, and used a small Bic lighter to ignite the pile. (PI. Dep. 34:23 — 36:11; 36:23-37:4). His actions thus culminated in a “big fire roar” and the burning of his shirt and hoodie. (PI. Dep. 37:5 — 37:21). Plaintiff alleges that he sustained severe bums requiring a hospital stay and lasting physical effects caused by what occurred on defendant’s premises.
Based on these facts, defendant moved for summary judgment alleging that there is no liability on the part of the defendant under the independent contractor standard. In addition, defendant asserts that plaintiff should have been aware of the obvious dangers of lighting a fire using gasoline and thus, defendant should be insulated from liability to plaintiff for any harm he suffered.
Discussion
Summary judgment may be granted under Pa.R.C.P. 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment may be granted *332 only in cases where the right is free and clear from doubt. Musser v. Vilsmeier Auction Co. Inc., 562 A.2d 279, 280 (Pa. 1989). The moving party has the burden of proving the nonexistence of any genuine issue of material fact. Thompson, 412 A.2d at 469. The record must be viewed in light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Davis v. Pennzoil Co., 264 A.2d 597 (Pa. 1970).
In response to a motion for summary judgment, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. Phaff v. Gerner, 303 A.2d 826 (Pa. 1973). In ruling on a motion for summary judgment, the court may consider the pleadings, depositions, answers to interrogatories, admissions, and supporting affidavits. Pa.R.C.P. 1035.1.
Here, defendant argues that even if defendant instructed plaintiff to create a fire in the burn pile by using gasoline, defendant owed no duty to plaintiff because (1) the alleged dangerous condition on the land was created by plaintiff when he poured the gasoline on the materials; and (2) defendant did not possess any “superior knowledge” that would place him in a better position to appreciate any risk to the plaintiff. Further, there was no reason for defendant to believe the dangerous condition would not be obvious to or discovered by plaintiff and plaintiff himself admitted to knowing that lighting gasoline would start a fire.
In turn, plaintiff argues that defendant had superior knowledge because it was defendant’s pre-existing bum *333 pile and the gas cans used to bum the debris were from defendant’s garage. Further, plaintiff alleges he had no prior experience lighting fires with gasoline and the safety hazards associated with it are not the subject of common knowledge.
For the reasons that follow, we find that, under the facts of this case, defendant owed no duty to warn plaintiff of the dangers of lighting gasoline on a pile of flammable debris.
“The mere fact an accident occurred does not entitle the injured person to a verdict.” Gutteridge v. A.P. Green Servs., Inc., 804 A.2d 643, 655 (Pa. Super. 2002). In any case sounding in negligence, a plaintiff must demonstrate: (1) a duty of care; (2) the breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff. See R. W. v. Manzek, 888 A.2d 740, 746 (Pa. 2005). The issue of whether the defendant owed a duty of care to the plaintiff is the primary question in a negligence suit. Althaus ex. Rel. Althaus v. Cohen, 756 A.2d 1166, 1168 (Pa. 2000).
Here, the relationship between that of plaintiff and defendant is “that of an owner and occupier of land to an independent contractor, a business invitee.” See Funari v. Valentino, 257 A.2d 259, 260 (Pa. 1969). Possessors of land owe a duty to protect invitees from foreseeable harm. Carrender v. Fitterer, 469 A.2d 120, 124 (Pa. 1983)(citing Restatement (Second) of Torts §§341A, 343, & 343A). Pennsylvania has adopted the Restatement (Second) of Torts §343’s standard for when a landowner owes (and breaches) its duty to an invitee:
*334 A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger.
Restatement (Second) of Torts §343. Thus, as is made clear by section 343A of the Restatement,
“[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.” Restatement, supra, §343A.
A danger is deemed to be “obvious” when “both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment.” For a danger to be “known,” it must “not only be known to exist, but...also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated.” Although the question of whether a danger was known or obvious is *335 usually a question of fact for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion.
Carrender v. Fitterer, supra, 469 A.2d at 124 (citations omitted).
Here, we find that the danger posed by the ignition of flammable items using gasoline was both a known or obvious danger that is apparent or would be recognized by a reasonable man exercising normal perception, intelligence, and judgment, and that defendant could have reasonably expected that the danger would be avoided. By plaintiff’s own admissions, he knew he was dealing with flammable items and that gasoline could “combust” and “catch fire.” (Pl. Dep. 24:4-19; 29:11-23; 31:12-15; 36:25-37:4). Given the obvious danger, we find defendant had no duty to warn plaintiff and plaintiff has failed to establish the element of duty essential to a prima facie case of negligence. As such, defendant is entitled to summary judgment.
Furthermore, we find plaintiff’s remaining arguments to be misguided and without merit. Plaintiff’s citation to §410 of the Restatement (Second) of Torts does not apply in this case because that section deals with liability of a landowner for the conduct of an independent contractor who causes physical harm to a third party. Additionally, we find nothing in the record to suggest that the chattel provided (i.e. the gasoline) was defective with regard to plaintiff’s argument under the theory of unsafe chattel. Lastly, plaintiff’s “casual employee” theory fails for the same reasons we have already discussed.
*336 Accordingly, we enter the following:
ORDER
And now, this 16th day of December, 2014, it is ordered that defendant’s motion for summary judgment is granted. Judgment is entered in favor of defendant Kevin Berry and against plaintiff Matthew Westerholm.